UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIMBERLY GAUSE,

                              Plaintiff,

                                                            Case #17-CV-6740-FPG

v.

                                                            DECISION AND ORDER

WAKEFERN FOOD CORPORATION and PRRC, INC.,
d/b/a PRICE RITE OF ROCHESTER, NEW YORK,

                              Defendants.
_____

On October 27, 2017, Defendants Wakefern Food Corporation and PRRC, Inc., removed this case from the Supreme Court of the State of New York, County of Monroe, pursuant to 28 U.S.C. § 1332(a). *See* ECF No. 1. Attached to the Notice of Removal is Plaintiff's Complaint (ECF No. 1-3) and Defendants' Answer (ECF No. 1-5). On October 30, 2017, the Court ordered Defendants to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction. ECF No. 4. Defendants filed a response, which is currently before the Court. ECF No. 5.

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Judicial scrutiny is particularly important where, as here, the defendant has removed the case from state court. *DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at \*2 (W.D.N.Y. July 11, 2011) (noting that "removal implicates both state court independence and the federal docket"); *see also Houston v. Scheno*, No. 06-CV-2901, 2007 WL 2230093, at \*2 (E.D.N.Y. July 31, 2007). The Second Circuit has cautioned district courts to "construe the removal statute narrowly,

resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991)). Thus, with respect to the amount in controversy requirement under § 1332, the removing party bears the burden of proving "to a reasonable probability" that the amount in controversy is over $75,000. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Uddin v. Mamdani*, No. 16CV4385, 2016 WL 4536870, at *2 (E.D.N.Y. Aug. 30, 2016).

When evaluating whether a defendants has established subject matter jurisdiction, the Court must first look to the pleadings and the petition for removal to determine if the plaintiff has made a sufficient demand for relief. *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). If so, the Court must view the plaintiff's demand as one taken in good faith unless it appears to a "legal certainty" that that claim is less than $75,000. *Kimm v. KCC Trading, Inc.*, 449 Fed. App'x 85, 85 (2d Cir. 2012) (citing *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). Additionally, the Second Circuit recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002) (citing *Wolde–Meskel*, 166 F.3d at 63). If neither the pleadings nor the petition for removal contain a demand for relief, the Court may look outside the pleadings to determine to whether the amount in controversy exceeds $75,000. *Yong Qin Luo*, 625 F.3d at 775.

Here, Defendants have met their burden. Plaintiff's Complaint does not contain a demand for relief pursuant to N.Y. C.P.L.R. 3017(c). *See* ECF No. 1-3. Defendants, however, noted in their petition for removal that they made a supplemental demand for relief[1] and Plaintiff responded, claiming $1,000,000 in damages. ECF No. 1-6.

---

[1] Also pursuant to N.Y. C.P.L.R. 3017(c).

Additionally, the Court finds nothing in the Complaint to rebut the presumption that its allegations are a good faith representation of the amount in controversy. In the Complaint, Plaintiff Kimberly Gause alleges that an employee of Defendants seriously injured her when he negligently crashed five shopping carts into her, causing injuries to her back and hip area that may be permanent. ECF No. 1-3 at ¶¶ 16-17. She alleges further that she has experienced pain and suffering, and incurred medical expenses because of the incident. *Id.*

Based on its review of the Complaint, the Court cannot conclude to a legal certainty that Plaintiffs' demand is less than $75,000. Accordingly, Defendants have shown that the amount in controversy exceeds $75,000 and the Court finds that it has subject matter jurisdiction over this case.

IT IS SO ORDERED.

Dated: December 7, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court